Dear Senator Bean:
Your request for an Attorney General's opinion has been forwarded to me for research and reply. Specifically, you ask whether it is legal for the Desoto Parish Police Jury to dissolve the Board of Commissioners of Waterworks District Number 1 which consists of the two municipalities of Stonewall and Logansport? You add that two of the commissioners were left on the board and two other commissioners were reappointed to the board.
The answer to your question is found in the Louisiana Constitution of 1974, Article 6, Section 15 and in La.R.S. 33:3813(A),(C)(1), (E) and (I). These provisions are as follows:
15. Local Governmental Subdivisions; Control Over Agencies
 The governing authority of a local governmental subdivision shall have general power over any agency heretofore or hereafter created by it, including, without limitation, the power to abolish the agency and require prior approval of any charge or tax levied or bond issued by the agency.
 § 3813. Appointments of waterworks commissioners; terms; vacancies
 A. In the ordinance creating a waterworks district under this Chapter, the police jury shall appoint five commissioners recommended in the petition for the creation of the district.
 C. (1). Where one municipality, or any part of a municipality, is to be included in the district, the membership of the board of commissioners shall consist of eight members, five to be appointed as above provided, one additional member to be appointed by the police jury and the remaining two to be appointed by the governing authority of the municipality included in the district. If two municipalities, or parts of municipalities, are included, the governing authority of each such municipality shall be entitled to appoint one member and the police jury shall be entitled to appoint two additional members. In the event more than two municipalities are included, the two municipalities having the largest population within the district shall appoint the two members representing the municipalities and the police jury shall appoint two additional members. If one or more municipalities are included in the district and no recommendations for appointments to the board from said municipalities are made in the petition to create the district, or no petition is received, the governing authority of the municipalities shall exercise discretion in the choice of commissioners. (Emphasis added).
 E. Where the membership of the board of districts hereafter created consists of eight or nine commissioners, the commissioners shall, at their first meeting, determine by lot their terms of office. One member shall serve for a term of one year; one member shall serve for a term of two years; one member shall serve for a term of three years; three members shall serve for a term of four years; and the remaining members shall serve for a term of five years. Thereafter all commissioners shall serve at the pleasure of the authority which appointed them.
(Emphasis added).
 I. Any vacancy which occurs by expiration or otherwise of any commissioner appointed by the police jury shall thereafter be filled by the police jury, at its sole discretion and any vacancy which occurs by expiration or otherwise of any commissioner appointed by the governing authority of a municipality included in the district shall thereafter be filled by the governing authority of said municipality, at its sole discretion.
It seems that the Desoto Parish Police Jury is given the authority by the Louisiana Constitution to create Waterworks District Number 1 and it also has the authority to abolish the entire district.
Also, La.R.S. 33:3813(A) and (C)(1) give the specifics of how commissioners are appointed from the police jury and the two municipalities, while section 3813(E) states that the commissioners of the district serve at the pleasure of the authority which appointed them after the initial terms of office have expired. In fact, Section 3813(I) states which governing authority can appoint a new commissioner whenever a vacancy occurs. Therefore, the positions which are appointed by the Desoto Parish Police Jury can be replaced by appointment of the Desoto Parish Police Jury if the initial term has expired. Likewise, the commissioner appointed by Logansport and the commissioner appointed by Stonewall can be replaced by those municipalities if the initial term has expired.
In summary, the Desoto Parish Police Jury is within its authority to dissolve the Board of Commissioners of Waterworks District Number 1. Additionally, according to Section 3813(A), (C)(1), (E) and (I), following the expiration of the initial terms set forth in the statute and determined by lot, seven commissioners serve at the pleasure of the Desoto Parish Police Jury, one commissioner serves at the pleasure of the municipality of Stonewall and the remaining commissioner serves at the pleasure of the municipality of Logansport. If a vacancy occurs on the commission, for whatever reason, the appointing authority has the power to fill the vacancy. For this reason, it is permissible for the Desoto Parish Police Jury to retain two commissioners and to reappoint two other commissioners since the Police Jury has the authority to appoint seven of the nine commissioners to the Waterworks District Number 1 Board of Commissioners.
We trust this sufficiently answers your question. However, if our office can be of any further assistance, do not hesitate to contact us.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY:_____________________________ Frances J. Pitman Assistant Attorney General
RPI:FJP:sc
DATE RECEIVED: 06-06-03 B.R.
DATE RECEIVED: 06-06-03 SH
DATE RELEASED: July 25, 2003